UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JOE A. LIZARRAGA, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-3101-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>ECF No. 28<br><br>ECF No. 35 |

Plaintiff, a state prisoner without counsel, alleges that defendants Reynols and Vernon, who were prison employees, prevented him from receiving necessary medication. He asks that the court order defendants to respond to a request for production, which seeks personnel records, including complaints filed against defendants. He also asks that the court review defendants' personnel files *in camera*. I find plaintiff has failed to demonstrate the relevance of the documents at issue, and that plaintiff's request is overbroad and not proportional to the needs of the case. Accordingly, I will deny plaintiff's motions.

**Posture**

The court issued a discovery and scheduling order on July 20, 2020, setting January 1, 2021, as the end date for discovery, with discovery requests to be served by October 20, 2020, ECF No. 24 at 4. On August 9, 2020, plaintiff served defendants with his first set of requests for production. ECF No. 28 at 15. Defendants responded on September 8, 2020. ECF No. 28 at 2. Plaintiff then sent a letter to defense counsel requesting supplementation of the responses; he alleges that defendants did not respond. *Id.* at 15. On December 21, 2020, plaintiff filed a document titled "Motion to Compel and Reply," requesting "personnel files to be submitted to the court for in camera review to determine relevancy." ECF No. 28 at 26. Defendants have filed an opposition, ECF No. 32, to which plaintiff has not responded. On April 22, 2021, plaintiff filed a renewed motion to compel, repeating arguments from the motion filed in December 2020. ECF No. 35.[1]

**Legal Standard**

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Parties can obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Generally, if a responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating that the objections are unjustified. *See, e.g.*, *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the objections lack merit. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3. The opposing party is "required to

---

[1] Plaintiff's motions ask the court to order defendants to produce documents for Request for Production Number One. Plaintiff's initial motion also included what the court believes to be an attachment demonstrating that plaintiff sent defendants correspondence asking them to respond to all three of his requests for production. ECF No. 28 at 2-13. However, the court does not understand plaintiff's motions to raise arguments relating to plaintiff's other requests for production. *See* ECF No. 28 at 1-13; ECF No. 35 at 1-3.

carry a heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court has broad discretion to manage discovery, although plaintiff is entitled to leniency as a pro se litigant. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**Analysis**

Plaintiff's Request for Production Number One seeks "[a]ny and all formal and informal written complaints (including by not limited to CDCR 602 Forms, Citizen Complaints, etc.) against Defendant [], alleging misconduct from the start of employment at MCSP, to present (including all written responses, appeals, reports, investigations, and/or correspondence regarding complaints)." ECF No. 28 at 37. Defendants represent that they did in fact produce the relevant documents pertaining to the allegations in this case. ECF No. 32 at 3; ECF No. 28 at 40-41. Defendants further argue that plaintiff failed to make a proper request for production of defendants' personnel files and only requested production of formal and informal written complaints alleging misconduct. ECF No. 32 at 2. Defendants objected that plaintiff's request was overbroad and not proportional to the needs of the case, and that the requested documents were not relevant. *Id.*

The court finds that plaintiff failed to limit his requests for production and has not demonstrated that the documents requested are proportional to the needs of this case. *See Jackson v. Yates*, Case No. 1:11c-v-00080-LJO-BAM (PC), 2014 WL 130478, at *2 (E.D. Cal. Jan. 13, 2014) (stating that locating requests for all staff complaints accusing defendant of excessive force "would require a search of the files for every inmate ever housed in a facility where [defendant] was employed" and was thus not proportional to the needs of the case). Here, plaintiff is requesting all complaints from the start of defendants' employment to present; this is not proportional to the needs of the case. Plaintiff has failed to establish the relevance of this evidence or its possible admissibility. *See* Fed. R. Evid. 404(a)(1); *see also Bratton v. Shinette*, No. 2:16-cv-1084-EFB-P, 2018 WL 4929736, at *4 (E.D. Cal. Oct. 11, 2018) (denying a motion to compel based on similar objections to a virtually identical request for production). The court

agrees with defendants that production of all prior complaints against them would be unlikely to help plaintiff establish that defendants acted unlawfully in this instance. *See Blue v. Grannis*, No. CIV-S-05-1256-GED-EFB-P, 2007 WL 2758025, at *3 (E.D. Cal. Sept. 21, 2007) ("[E]vidence of prior accusations against defendant do not bear on any material issue in this matter. Nor does it appear that the request is reasonably calculated to lead to admissible evidence.").

Accordingly, plaintiff's motion to compel responses to his Request for Production Number One as well as plaintiff's request for in camera review of the documents at issue are DENIED.

IT IS SO ORDERED.

Dated: May 14, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE